IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| M.A.P.G., | * |
|     Petitioner, | * |
| vs. | * |
| |     CASE NO. 4:26-cv-103 (CDL) |
| WARDEN, STEWART DETENTION CENTER, *et al.*, | * |
| | * |
|     Respondents. | |
| | * |

O R D E R

Petitioner is a detainee at the Stewart Detention Center awaiting removal proceedings. Petitioner seeks habeas corpus relief based on Respondents' refusal to provide her with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1). As discussed below, the Court finds that Petitioner did not establish that she is entitled to the relief she seeks, and the Court denies her petition for habeas corpus relief (ECF No. 1).

DISCUSSION

Petitioner is a native and citizen of El Salvador who entered the United States without inspection on September 20, 2024. Petition ¶ 3, ECF No. 1. The next day, U.S. Border Patrol apprehended Petitioner and processed her for expedited removal under 8 U.S.C. § 1225(b)(1). Petitioner requested a credible fear

interview, as permitted by 8 U.S.C. § 1225(b)(1)(A)(ii). Bush Decl. ¶ 5, ECF No. 7-1. The asylum officer made a positive credible fear determination, then issued Petitioner a Form I-862 Notice to Appear as permitted by 8 C.F.R. § 208.30(f). Pet. Ex. 2, Notice to Appear (Oct. 4, 2024), ECF No. 1-3. Although the Form I-862 Notice to Appear vacated the Border Patrol's prior order for expedited removal, it charged Petitioner with inadmissibility and placed her in removal proceedings. *Id.* Once a noncitizen receives a Form I-862 Notice to Appear, her case is referred to an immigration judge "for full consideration of the asylum and withholding of removal claim in proceedings under section 240 of the" Immigration and Nationality Act. 8 C.F.R. § 208.30(f).

Petitioner was later released from detention on an order of recognizance, as permitted under 8 U.S.C. § 1182(d)(5)(A). That statute gives the Secretary of Homeland Security discretion "to parole into the United States temporarily . . . any alien applying for permission to the United States." *Id.* The statute also states that when the Secretary of Homeland Security determines that "the purposes of such parole . . have been served," then the paroled noncitizen shall be returned to custody. *Id.*

Immigration and Customs Enforcement took Petitioner back into custody on November 19, 2025. She is detained at Stewart Detention Center. Petitioner filed a motion for a bond hearing and custody redetermination, which was denied by an immigration judge who

2

concluded that Petitioner is subject to mandatory detention and that the immigration judge thus lacked authority to grant Petitioner's bond motion.  Petitioner also filed an application for asylum.  The status of Petitioner's asylum petition and removal proceedings are not clear from the present record.

After the immigration judge denied the bond motion, Petitioner filed a petition in this Court seeking habeas relief. Petitioner asserts that she is not subject to mandatory detention in light of the Court's rulings in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL-AGH (M.D. Ga. Nov. 1, 2025), and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). Respondents, though, contend that Petitioner's case is distinguishable from those of most of the petitioners in *J.A.M.* and *P.R.S.* and that her present petition should be denied for the same reasons that the Court denied the petition of G.A.G.C., one of the four petitioners whose claims were addressed in *P.R.S. See P.R.S.*, 2025 WL 3269947, at *2.

G.A.G.C. was detained shortly after his illegal entry into the United States, and upon his detention, he sought to remain lawfully based on allegations that he was entitled to asylum. *Id.* "Although G.A.G.C. was released from detention pending a decision on his asylum application, his removal proceedings were never dismissed." *Id.* Under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), an alien who seeks asylum "shall be detained pending a final determination

3

of credible fear of persecution and, if found not to have such a fear, until removed." The Court thus concluded that G.A.G.C.'s temporary release from custody while his asylum claim was pending did "not eliminate Respondents' authority to detain him without a bond hearing." *Id.* Respondents "did not waive the right to detain him by failing to follow the mandatory detention requirements of the statute." *Id.* The Court thus concluded that G.A.G.C. did not establish that he was entitled to the relief he sought.

Petitioner's case is similar to G.A.G.C.'s. Like G.A.G.C., Petitioner was detained shortly after her illegal entry into the United States, and she sought to remain lawfully based on her claim of a credible fear of persecution. An asylum officer determined that Petitioner had a credible fear of persecution. In such circumstances, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Accordingly, the statute provides for mandatory detention of noncitizens while their asylum applications are considered, though such noncitizens can be paroled temporarily under 8 U.S.C. § 1182(d)(5)(A). Petitioner admits that although the original order for expedited removal was vacated, she is still in pending removal proceedings with a pending asylum application. Under these circumstances, the Court finds that Petitioner's detention is authorized under 8 U.S.C. § 1225(b)(1)(B)(ii). *See, e.g., Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (finding

4

that § 1225(b)(1) "mandates detention of applicants for admission" while their asylum application is considered). Petitioner's petition for habeas corpus relief is denied.[1]

## CONCLUSION

For the reasons explained above, the Court finds that Petitioner did not establish that she is entitled to the relief she seeks, and the Court denies her petition for habeas corpus relief (ECF No. 1).

IT IS SO ORDERED, this 23rd day of February, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] This case is distinguishable from the case of M.M.M., whose petition was addressed in *P.R.S.* See *P.R.S.*, 2025 WL 3269947, at *2. Like Petitioner here and G.A.G.C., M.M.M. entered the United States without inspection, sought asylum, and was released from custody pending removal proceedings. But that is where the similarities end. In *M.M.M.,* the Government completely dismissed the removal proceedings against M.M.M., so those proceedings—including the associated asylum application—were no longer pending. Thus, when the Government initiated *new* removal proceedings against M.M.M., he was not subject to any of the mandatory detention provisions for asylum seekers under 8 U.S.C. § 1225(b)(1). Here, in contrast, there is no indication in the present record that Petitioner's removal proceedings were dismissed or that her asylum application process has been completed.